# Mitchell *v.* Gambill.

*Action of Trespass to recover Damages for Assault and Battery.*

1. *Action of trespass for assault and battery; justification must be specially pleaded.*—In an action of trespass to recover damages for an assault and battery, the matter in justification of the alleged assault must be specially pleaded, and ev-

[Mitchell v. Gambill.]

idence in reference thereto is not admissible under the plea
of the general issue.

2. *Same; statute as to justification not applicable to civil suits.*
The statute which authorizes a person on trial for an assault
and battery to introduce evidence that the person assaulted
used abusive or opprobrious language towards him, in justi-
fication or extenuation of the offense, (Cr. Code, §4345,) has no
application to civil actions of trespass to recover damages
for an assault and battery; but applies alone to criminal
prosecutions for the offenses named in the statute.

3. *Action for assault and battery; punitive damages; admissibil-
ity of evidence.*—Since in an action of trespass to recover for
an assault and battery, the plaintiff may be entitled to re-
cover punitive or vindictive damages, it is permissible in
such an action to prove the language used by the plaintiff at
the time of the assault and battery, since such language is
competent for the jury to consider in mitigation of punitive
damages, but such evidence can not reduce the recovery of
actual damages sustained by plaintiff.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was an action brought by the appellant, James
A. Mitchell, against the appellee, A. A. Gambill, to re-
cover for an assault and battery committed by the de-
fendant on the plaintiff. The complaint was in the
Code form. The defendant pleaded six pleas. The 1st,
2d and 3d pleas were the general issue. The other pleas
numbered 4, 5 and 6 were, upon the motion of the de-
fendant, withdrawn.

On the trial of the case it was shown that the defendant
had committed an assault and battery upon the defend-
ant. It was further shown that the assault and battery
was the result of a dispute or quarrel between the plain-
tiff and defendant. During this quarrel the defendant
called the plaintiff a liar, whereupon the plainitff used
a most opprobrious epithet towards the defendant, and
the defendant thereupon assaulted and struck him sev-
eral times.

During the argument of the defendant's counsel he
read to the court in the presence of the jury section 4345
of the Criminal Code of 1896. The plaintiff objected to
the reading of this section by the defendant's counsel,

and duly excepted to the court's overruling his objection.

Upon the request of the plaintiff, the court gave its general charge to the jury in writing. The plaintiff separately excepted to the following portion of the court's general charge, which are numbered for convenience: (10.) The defendant may also be allowed to prove that at the time or just immediately before, the plaintiff used rude, vulgar, or insulting language to him or about him, and that immediately thereupon he struck the blow or blows. The jury trying the case may look to and consider such rude, vulgar, or insolent language in mitigation of damages or in justification." (12.) "If the jury in their sound discretion and examination of all the evidence and facts should consider that the defendant was justified in striking plaintiff, they have a right so to find, and if they so find, they must find a verdict in favor of the defendant." (13.) "If the jury, after due consideration of all the evidence and facts in this case, are reasonably satisfied that plaintiff brought on by his own acts the difficulty between himself and defendant, and defendant did not carry his assault and battery to an unreasonable or unlawful extent, then plaintiff could not recover in this action."

Among the other charges requested by the plaintiff, and to the refusal to give which the plaintiff separately excepted, was the following: (7.) "The court charges you, gentlemen of the jury, that opprobrious words and abusive language used by the plaintiff at and about the time of the alleged assault may be considered by you only in mitigation of punitive damages; and the plaintiff is entitled to recover actual damages in the way of compensation for his physical suffering and inconvenience and mental suffering, in case you find the assault and battery was committed, whatever may have been the words used by the plaintiff."

There were verdict and judgment for the plaintiff, assessing his damages at $2.50. Plaintiff appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

W. T. HILL, for appellant.—The court should have given the 7th charge requested by the plaintiff, to the effect that any opprobrious words or abusive language that may have been used by the plaintiff could be considered by the jury in mitigation of punitive damages only; and the plaintiff was entitled to recover compensatory damages, whatever may have been the words used by him. This is undoubtedly the law according to the weight of authority.—12 Am. & Eng. Encyc. Law, (2d ed) pp. 44, 45 and 46; 2 Am. & Eng. Encyc. Law, (2d ed.) p. 996; *Corcoran v. Horran,* 55 Wis. 120; *Prentis v. Shaw,* 56 Me. 427; 96 Am. Dec. 475.

Mere words do not constitute a legal excuse for an assault.—*Keiser v. Smith,* 71 Ala. 481; 2 Am. & Eng. Law, (2d ed.) 957; *Goldsmith v. Joy,* (Vt.)4 L. R. A. 500, and cases cited; *Hendle v. Geiler,* 50 Atl. Rep. 632.

J. J. ALTMAN, *contra.*

DOWDELL, J.—This is an action of trespass for assault and battery. The complaint is in Code form. The three pleas to the complaint upon which issue was taken and the cause tried, presented in different forms the general issue. Under this issue, matter in justification of the alleged assault is not competent in evidence. Such defense must be specially pleaded.—*Lunsford v. Walker,* 93 Ala. 36.

Section 4345 of the Criminal Code of 1896, which provides that, "on the trial of any person for an assault, an assault and battery, or an affray, he may give in evidence any opprobrious words or abusive language used by the person assaulted or beaten at or near the time of the assault or affray; and such evidence shall be good in extenuation or justification, as the jury may determine," has no application to civil actions for damages, and applies alone to criminal prosecutions for the offenses named in the statute.—*Prior v. State,* 77 Ala. 56. Moreover, as was said in *Brown v. State,* 74 Ala. 42, this statute was "intended as a shield and not as a sword," and it cannot be invoked by a defendant who first used insulting words, and struck the first blow. But independ-

ent of the statute, in a civil action for damages at the common law, while mere words, although of provocation, do not constitute a defense to the action, yet when used at the time or immediately preceding the battery, they may be shown in evidence under the general issue in mitigation of damages.—*Keiser v. Smith,* 71 Ala. 481; 46 Am. Rep. 312, and authorities there cited.

Since the recovery in actions of this nature may include punitive or vindictive damages, as well as actual damages, the language used by the plaintiff at the time of the transaction, was competent in evidence, and it was permissible for the jury to consider it in mitigation of punitive damages, but not of any actual damages sustained by the plaintiff.

Charge seven requested by the plaintiff correctly stated the law and its refusal was error. What we have said above sufficiently expresses our views as to the rulings of the court complained of, for the purpose of another trial. For the error indicated, the judgment of the circuit court must be reversed and the cause remanded.

Reversed and remanded.