F. J. WEBB, *Plaintiff in Error,* v. J. P. BROWN, *Defendant in Error.*

1. Where a transcript on writ of error is authenticated under Special Rules 1 and 3 of Supreme Court Rules, and the trial judge does not certify that the bill of exceptions contains all the evidence adduced at the trial, the sufficiency of the evidence to sustain the verdict will not be considered by the Supreme Court.

2. Where all the evidence adduced at the trial is not duly shown to be before the appellate court, the inadequacy of the damages allowed cannot be considered.

3. Under a plea of the general issue in an action for assault and battery, circumstances may be shown in evidence in mitigation of punitive damages, but not of actual damages.

Writ of error to the Circuit Court for Brevard County.

The facts in the case are stated in the opinion of the court.

*F. W. Pope,* for Plaintiff in Error;

*Geo. M. Robbins,* for Defendant in Error.

WHITFIELD, C. J.—F. J. Webb brought an action against J. P. Brown to recover damages for an alleged malicious assault and battery, because of which it is alleged the plaintiff suffered bodily pain and spent $35.00, dollars for medical attention and had his clothes injured to the value of $12.00. Damages were claimed in $20,-000.00. A trial was had on a plea of not guilty, and a verdict and judgment rendered for $37.50. Plaintiff made a motion for new trial on the grounds that the verdict was contrary to law, contrary to the evidence, and contrary to the charge of the court. The motion was denied and an exception taken. A writ of error was taken by the plaintiff who assigns as error the overruling of the motion for new trial, and the denial of "plaintiff's motion to exclude defendant's testimony of justification and provocation."

As the trial judge did not certify that the bill of exceptions contains all the evidence adduced at the trial, the sufficiency of the evidence to sustain the verdict cannot be considered here. See Special Rules 1 and 3 of Supreme Court Rules; Melrose Mfg. Co. v. Kennedy, 59 Fla. 312, 51 South. Rep. 595; Albritton v. State, 54 Fla. 6, 44 South Rep. 745; Pope v. State, 56 Fla. 81, 47 South. Rep. 487.

The charges of the court were not excepted to when given or in the motion for new trial, and it is not contended that they are erroneous. There is nothing shown in the record or suggested in the briefs to indicate that the verdict is contrary to law or to the charge of the court. It is contended that the amount awarded as damages is inadequate, but as it is not shown that all the evidence is before the court, this question is not presented so it can be considered here. Even on the record before

us there is at least some evidence to justify the verdict of the jury and this may be sufficient.

The testimony objected to was offered for the stated purpose of showing circumstances in mitigation of damages and not as justification, therefore it was not subject justification." There was no plea of justification and to the objection "that it tended to show provocation and testimony tending to show justification should have been excluded upon proper objection or motion. If any of the testimony adduced did tend to show justification there was apparently no motion to strike it. In a civil action to recover damages for an assault and battery, under a plea of not guilty, circumstances may be shown in evidence in mitigation of punitive damages, but not of actual damages. Mitchell v. Gamble, 140 Ala. 316, 37 South. Rep. 290.. This action was for punitive damages as well as for compensation for actual damages, and no reversible errors are made to appear.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.