(94 South. 475)

## POWELL v. WEST. (7 Div. 341.)

(Supreme Court of Alabama. Nov. 2, 1922.)

**1. Assault and battery ☜24(1)—Punitive damages recoverable under count in code form, though not claimed.**

Under a count in the code form, punitive damages are recoverable, though not specially claimed.

**2. Assault and battery ☜24(1)—Punitive damages recoverable under count, including charge of insulting language, wounding, bruising, and maltreating plaintiff.**

Under a count containing an additional allegation of the use of insulting language " * * * greatly humiliating, wounding, and bruising and maltreating plaintiff," recovery of punitive damages are allowable.

**3. Assault and battery ☜24(1)—Count alleging 'insulting language and humiliation held not demurrable.**

A count, charging assault and battery and containing an additional allegation of insulting language, " * * * greatly humiliating, wounding, and bruising and maltreating plaintiff," causing pain, anguish, and suffering from severe wounds and bruises, is not demurrable on the ground that it does not clearly show that the special injuries alleged were the result of the battery rather than of the insulting language, and objection to the humiliation as an element of damages should have been made by a motion to strike.

**4. Assault and battery ☜27—Defendant's notice to plaintiff's mother to vacate rooming quarters held irrelevant.**

In an action for assault and battery against a hotel keeper, answer by plaintiff's mother to the question of whether notice to vacate had been given held properly excluded; its relevancy not being apparent.

**5. Assault and battery ☜27—Whether plaintiff had pending a suit against another for automobile injuries irrelevant.**

Whether plaintiff had suit pending against another for automobile injuries is clearly ir-

relevant, and properly excluded in an action for assault and battery.

**6. Assault and battery ☜31—Testimony of search by officer in apartment prompting conversation preceding assault held inadmissible.**

Testimony of search by an officer of the quarters occupied by plaintiff and mother held not admissible, in an action for assault and battery, though the occurrence may have prompted the conversation just preceding the assault.

**7. Trial ☜260(1) — Refusal of requested charge not error, where covered by one given.**

Refusal of a requested charge, fairly covered by oral charge, not error.

**8. Assault and battery ☜11—Provocation of attack by plaintiff does not preclude recovery if retaliation excessive.**

Instruction that, if plaintiff entered willingly into the fight, recovery could not be had, is erroneous, since, even though she provoked it or attacked first, recovery would still be allowable, if defendant retaliated excessively.

**9. Trial ☜207—Charge on effect of evidence held properly denied.**

Charges on the effect of the evidence held properly denied, particularly where the evidence referred to related to the status of the plaintiff and her family as roomers in a hotel, and had no bearing on the issues.

**10. Trial ☜252(8)—Abstract instruction as to defendant's right to eject plaintiff interfering with her business held properly denied.**

Instruction as to defendant's right to eject plaintiff if she was interfering with defendant's operation of her hotel held properly denied, as being abstract, and particularly where no evidence of such interference was received.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action by Pearl West against Mrs. W. H. Powell for assault and battery. From a judgment for plaintiff defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The following charges were requested by the defendant and refused by the trial court:

"(1) The court charges the jury, if plaintiff provoked the difficulty and herself assaulted defendant, and defendant used no more force than was reasonably necessary to repel the attack, the plaintiff cannot recover.

"(2) The court charges the jury, if the jury are reasonably satisfied from all the evidence that the plaintiff entered willingly into the fight, she cannot recover.

"(3) The court charges the jury, if they believe the evidence, there can be no recovery in any event for more than nominal damages in this cause.

"(4) The court charges the jury, if they believe the evidence, there can be no recovery in any event for punitive or vindictive damages.

"(5) The court charges the jury the right of plaintiff in the hotel of the defendant was

the occupancy of a room on the third floor, and ingress and egress to and from said room, and did not extend to the office or lobby.

"(6) The court charges the jury, if the father of plaintiff merely rented by the month a room on the third floor of the hotel this would not entitle the plaintiff to use or occupy the office or lobby and other portions of the hotel, except those portions necessary for ingress to and egress from said room, and any intrusion by plaintiff into other portions of the hotel was a trespass by her.

"(7) The court charges the jury if they are reasonably satisfied from the evidence that plaintiff by her words and conduct at and just before the difficulty was interfering with the business of defendant in the management or operation of her hotel, then defendant had the right to request her to leave, and if plaintiff failed to leave within a reasonable time after such request, then defendant had the right to put plaintiff out of said hotel by the use of such force as was reasonably necessary to eject her therefrom."

E. O. McCord & Son, of Gadsden, for appellant.

One who enters upon the premises of another without notice not to enter must be given notice to retire before expulsion; but notice to retire having been given, the owner or person in possession has the right to eject the trespasser, using no more force than is reasonably necessary. 202 Ala. 351, 80 South. 433. The burden of showing freedom from fault in bringing on the difficulty was not on the defendant. 154 Ala. 639, 45 South. 641. A plaintiff cannot frame his declaration, so as to leave the kind of action uncertain. 61 South. 299; 57 Fla. 87, 49 South. 1024; 171 Ala. 274, 55 South. 185. No party can claim punitive damages as a matter of right. 15 Ala. App. 519, 74 South. 82.

W. J. Boykin, of Gadsden, for appellee.

Exemplary damages may be recovered, if warranted by the evidence under a complaint following the Code form. 150 Ala. 402, 43 South. 574; 130 Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43. Special damages were recoverable under count 2. 150 Ala. 402, 43 South. 574. If there were improper elements of damages claimed in the second count, demurrer was not the proper way to remedy the defect, but the proper method is by motion to strike such objectionable parts, objection to the evidence or requested instructions. 59 Fla. 462, 51 South. 929. Charges 1 to 7, requested by the defendant, were properly refused. 15 Ala. App. 519, 74 South. 82; 11 Ala. App. 125, 65 South. 860; 145 Ala. 678; Acts 1915, p. 815.

SOMERVILLE, J. [1] The action is for an assault and battery. Count 1 is in the code form, and under it there could be a recovery of punitive damages, though not specially claimed. Mitchell v. Gambill, 140 Ala. 316,

37 South. 290; Wilkinson v. Searcy, 76 Ala. 176; Standard Oil Co. v. Davis, post, p. 565, 94 South. 754.

[2] Count 2 contains additional allegations of the use of insulting language—

"* * * greatly humiliating, wounding, and bruising and maltreating the plaintiff, causing her much mental pain and anguish [and] to suffer from severe wounds and bruises."

[3] Under this count there could be a recovery of punitive damages, and also of compensatory damages for the injuries specially alleged. This count is not subject to demurrer on the theory that it does not clearly show that the special injuries alleged were the result of the battery rather than of the insulting language. "Wounding, and bruising and maltreating" cannot be imputed to the insulting language referred to; and, even if the complaint of humiliation in the presence of other people might be referable to that cause, and therefore not a proper element of damage, it should have been eliminated by motion to strike, or by objection to the evidence, or by instructions to the jury, as has been frequently declared by our decisions.

[4] The trial judge properly excluded defendant's question to plaintiff's mother on cross-examination:

"Is it not true that Mrs. Powell [the defendant] had asked you all to vacate this room, some weeks or a few days before this thing occurred?"

Its relevancy is not apparent, and it could have no legal bearing on the issues in the case.

[5] Whether or not a suit brought by plaintiff against another person for injuries suffered in an automobile collision several months previous was still pending was clearly irrelevant, and the question was properly excluded.

[6] Nor was it proper for defendant to show by a police officer that he had searched the hotel room and the restaurant of the Wests, shortly before this altercation, though that occurrence might have prompted the conversation between defendant and plaintiff's mother immediately preceding the alleged assault on plaintiff, since it could have no legitimate bearing on the issues in the case.

[7] Charge No. 1, refused to plaintiff, was fairly covered by the oral charge, and its refusal was not prejudicial.

[8] Charge 2, for the same reason, was refused without error. It was, moreover, erroneous, since notwithstanding the fact that plaintiff provoked and brought on the difficulty, and attacked defendant first, if so, she could nevertheless recover if defendant retaliated excessively. Bynum v. Jones, 177 Ala. 431, 59 South. 65; Abney v. Mize, 155 Ala. 391, 46 South. 230.

Charges 3 and 4 were properly refused,

since the jury might, under the evidence, have awarded punitive damages under either count, and also special damages under count 2.

[9] Charges 5 and 6 were on the effect of evidence, and for that reason were properly refused; moreover, the status of plaintiff and her family as renters of a room in the hotel had no bearing on the issues presented by the pleadings and evidence.

[10] Charge 7 was properly refused as being abstract, if not otherwise bad, since the evidence had no tendency to show that plaintiff "was interfering with the business of defendant in the management or operation of her hotel."

We find no prejudicial error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.