**MIAMI TRANSIT COMPANY, a Florida Corporation, v. JOHN J. YELLEN.**

22 So. (2nd) 787                              June Term, 1945
July 10, 1945                                         Division A

*Worley, Gautier & Cannon,* for appellant.
*Perry A. Nichols & John C. Wynn,* for appellee.

ADAMS, J.:

The judgment before us for review is based largely on punitive damages recovered against the Miami Transit Company because one of the bus drivers assaulted a passenger. The only attack upon the judgment is that it is excessive.

Plaintiff, John J. Yellen, was a passenger on one of the busses of the Miami Transit Company which operated as a common carrier over and upon the streets of the City of Miami. At times it is not out of the ordinary, if not customary, for a passenger to pay his fare as he left the bus instead of upon entering. Plaintiff rode the bus until it reached a certain intersection in the city when the bus stopped for a signal light and not at a regular bus stop. Yellen was standing in the rear of a crowded bus and asked the driver to open the door at the rear of the bus. The driver told him he would have to pay his fare before leaving the bus. Again plaintiff asked the driver to open the rear door,

when the driver, in a loud voice, told him he would have to come to the front of the bus and pay his fare before getting off. Plaintiff shouted to the driver, "We can't get through here, it is impossible, you are crazy if you think we can get through there." The bus driver, in a loud voice, told plaintiff that he would have to come to the front of the bus. Plaintiff shouted, "Open this damn door."

The door at the rear of the bus was opened and plaintiff, with a friend, got off the bus, took some tokens from his pocket and when he started toward the front of the bus saw the driver approaching him in an antagonistic manner, with his hands clinched and said, "What would you do if I didn't open that damn door? What in hell would you do?" Plaintiff said, "I wanted that door open and I didn't want any arguments. Here is your fare; you can go to hell." Whereupon the driver struck plaintiff, knocked him down and continued to hit him until someone called a policeman, standing nearby, who stopped the fight. The bus operator, a young man about 28 years old, was 5 feet, 10 inches tall and weighed around 230 pounds. Plaintiff, about 45 years of age, was 5 feet, 10½ inches tall and weighed approximately 175 pounds.

Both were arrested by the police officer. Plaintiff was taken to police headquarters and incarcerated in a cell, with bars, for about an hour and a quarter or an hour and a half.

Plaintiff sued for compensatory and punitive damages and the jury awarded a $2000.00 verdict. On motion for a new trial the court approved the verdict.

It is claimed that plaintiff's conduct precipitated the assault and battery and for that reason the damages should have been reduced.

The jury is the trier of the facts and when they have been properly instructed in the law and the trial and record are otherwise free from error, a strong showing is required to overturn the verdict especially where the verdict has, as here, received the approval of the trial court. Seaver, et vir, v. Stratton, 133 Fla. 183, 183 So. 335; Albert v. Miami Transit Co., 154 Fla. 186, 17 So. (2nd) 89.

No point is made of error other than on the question of the amount of the verdict. The plaintiff's allegations and

proof are that the assault and battery were malicious, unlawful and intentional, thus entitling him to recover punitive damages. The court properly instructed the jury that provocation could not be shown to bar the action, but could be considered in mitigation of damages. The following authorities justify the verdict and judgment: Vol. 4, Amer. Jur., Sec. 164, pg. 203; Seaver v. Statton, *supra;* Albert v. Miami Transit Co., *supra;* Vanvaks v. Chantly, 107 Fla. 647, 145 So. 838; Pandula v. Fonseca, 145 Fla. 395, 199 So. 358; Adler, et al., v. Saffran, 147 Fla. 549, 3 So. (2nd) 364.

The judgment is affirmed.

CHAPMAN, C. J., BROWN, BUFORD and SEBRING, JJ., concur.

TERRELL and THOMAS, JJ., dissent because they consider the verdict excessive.