Personal injury actions by Max Silver and another, and by Samuel Silver and another, against the City of Miami Beach, and Willie Jack Godfrey. The actions were consolidated and tried by the same jury. The jury returned verdicts for defendants. From order granting motions of plaintiffs for a new trial, the defendants appeal.
Reversed with directions.
The plaintiffs-appellees allege negligent injuries flowing from the same accident. The cases were consolidated and tried by the same jury. Verdicts were rendered by the jury in each case for the defendants below. The trial court entered orders sustaining a motion for a new trial as made below by the plaintiffs-appellees. From the *Page 306 
order granting the plaintiffs below a new trial an appeal has been perfected here.
The grounds for a new trial are, viz.: (1) The verdict is contrary to law; (2) contrary to the evidence; (3) contrary to the law and evidence; (4) contrary to the charges of the court; (5) the juror, Frederick P. Barrows, was mentally incompetent to discharge the duties by law imposed upon a juror; (6) the juror Barrows did not have and possess the mental qualifications to discharge the duties of a juror; (7) the juror Barrows "was not of sufficient mental caliber to make a decision in the case, and having been placed on the jury list by the Jury Commission, one member of which had to vouch for him, the plaintiffs had a right to assume that he was of sufficient mental caliber to serve as a juror, when in truth and fact he was not." The order of the trial court dated July 1, 1947, which sustained or granted the motion for a new trial, failed to set forth or state the ground or grounds for granting the same.
The record discloses that each of the plaintiffs below sustained injuries around 1:30 or 2:00 o'clock P.M., on November 3, 1947, as a result of a collision between the 1937 Ford in which the plaintiffs were riding and driven by Max Silver and the garbage truck of the defendant on MacArthur Causeway which spans Biscayne Bay and connects the cities of Miami and Miami Beach. The conflicts and disputes in the controversy center around the questions of which of the parties caused the accident, was the plaintiff negligent, or was the defendant negligent? The evidence in support of the issues was submitted by the parties to the jury and the jury fully instructed upon the law of the case. The jury thereafter rendered its verdict for the defendants below.
In the case of Hart v. Held, 149 Fla. 33, 5 So.2d 878, we held that where the verdict of the jury was right under the evidence and there was no material error of law or procedure in the trial, an order made by the trial court granting a new trial will be reversed by the appellate court. It is error for the trial court to grant a new trial when the verdict set aside is supported by the testimony appearing in the record and nothing can be accomplished except to have another jury review the cause. Likewise, in Albert v. Miami Transit Co., 154 Fla. 186, 17 So.2d 89, 90, we said: "This Court approved the rule that in cases where nothing is involved but the sufficiency and the probative force of the evidence, the trial court is, under no circumstances, warranted in pitting his judgment against that of the jury."
Our adjudications require a reversal of the order entered below granting a new trial in the cause unless the juror Barrows was mentally incompetent to discharge the duties imposed by law on a juror. If he was mentally incompetent to hear or weigh the evidence adduced by the parties and apply the law as given by the trial court, then the verdict rendered would be the verdict of five jurors and the controlling statute provides for a panel of six jurors, in this class of cases, and as a result the order granting the new trial should be affirmed. If the juror was mentally competent, then it follows that the order granting a new trial must be reversed. This question turns on the construction of the testimony adduced by the parties now appearing in the record. Mental weakness was considered by this Court in the recent case of Perper v. Edell, Fla., 35 So.2d 387.
It is difficult to disregard the opinion of Dr. H.W. Pracht, of the City of Miami, on the mental competency of juror Barrows set out in the form of an affidavit and was before the Court at the time of granting the new trial. It is, viz.:
"Before the undersigned * * * personally appeared H.W. Pracht who being first duly sworn, deposes and says that he is a duly licensed, practicing physician maintaining offices at 350 Lincoln Road, Miami Beach, Dade County, Florida; that he has known, both as a friend and as a physician, for the past six years, Frederick Barrows of 1160 N.E. 100th Street, Miami, Florida; that affiant has been the family physician of said Frederick Barrows and wife for the past several years; that affiant is informed and verily believes that said Frederick Barrows served as a juror in the Circuit Court of Dade County, Florida, on the 22nd and 23rd days of June, 1948; that, although affiant knows of his own knowledge that said Frederick Barrows has experienced *Page 307 
occasional lapses of memory, nevertheless affiant personally saw said Frederick Barrows on the 20th day of June, 1948, and again on the late afternoon of June 23rd, 1948, and if of the opinion that said Frederick Barrows was on the 22nd day of June, 1948, and on the 23rd day of June, 1948, in possession of mental capacity to transact his business with intelligence and was on the 22nd day of June, 1948, and on the 23rd day of June, 1948, mentally competent to serve as a juror."
We fail to find in the record sufficient competent testimony to establish the mental incompetency of the juror Barrows to hear the testimony adduced by the respective parties on the issues made by the pleadings and apply the law thereto as given by the trial court. It follows that the order granting the new trial must be reversed, with directions to enter a judgment for the defendants below on each of said verdicts.
Reversed.
TERRELL, Acting C.J., and HOBSON and BROWN, JJ., concur.