97 So.2d 791

Bennie Joe MIXON

v.

Harvey Earl TRAYLOR.

4 Div. 912.

Supreme Court of Alabama.

Oct. 31, 1957.

J. N. Mullins, Dothan, for appellant.

Lee & McInish, Dothan, for appellee.

**LIVINGSTON, Chief Justice.**

Harvey Earl Traylor brought suit in the Circuit Court of Houston County, Alabama, against Bennie Joe Mixon and Lonnie Nowell. The action is for an assault and battery. As last amended, the complaint consisted of two counts. Count 1 is in Code form, Sec. 223, Title 7, Form 18 of the Code of 1940, and under it, there could be a recovery of punitive damages, though not specially claimed. Mitchell v. Gambill, 140 Ala. 316, 37 So. 290; Wilkinson v. Searcy, 76 Ala. 176; Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754, and Powell v. West, 208 Ala. 388, 94 So. 475.

Count 3 of the amended complaint contains additional allegations that as a proximate result of said assault and battery, committed upon him by said defendants, he was caused to be confined in a hospital for, to wit, 17 days, incurring hospital, doctor, medical and drug bills in the amount of $829.50, and caused to suffer pain and mental anguish.

Under Count 3, there could be a recovery of punitive damages and also compensatory damages for the injuries specially alleged. Neither Count 1 nor Count 3 were tested by demurrer, and both counts were submitted to the jury.

The jury returned a verdict for the plaintiff against both defendants in the sum of $4,829.50. Bennie Joe Mixon filed a motion for a new trial, and it being overruled, he appealed to this court. So far as this record shows, Nowell did not appeal.

Appellant's only insistence here is that the trial court erred in not granting appellant a new trial due to the excessiveness of the verdict of the jury and the judgment rendered thereon.

As stated above, both compensatory and punitive damages were within the issues framed by the pleadings. There is little, if any, material conflict in the evidence, which showed the following occurrence:

The defendant, Lonnie Nowell, operated a place of business in the lower part of Houston County, Alabama. In one part of Nowell's place of business was a counter made in the shape of an L. At about 9:30 or 10 o'clock on the night of June 3, 1955, the defendant, Bennie Joe Mixon, came into Nowell's place of business. He left and came back about 20 minutes later. Mixon was drinking, if not drunk. Nowell was behind the L-shape counter, and the appellee, Harvey Earl Traylor, was sitting on a stool at the counter drinking a coca cola. Words passed between Mixon and Nowell. Nowell asked Mixon if he was looking for trouble, and Mixon replied using vile language, that he was, and started towards the counter behind which Nowell was standing. According to some witnesses, Mixon put his hands on the counter and started over it. Nowell had a pistol stuck in his belt. He pulled his pistol and Mixon immediately grabbed Traylor and jerked him in front of himself as a shield. Nowell fired one shot, striking Traylor in the back. Mixon, still using Traylor as a shield, backed to the door where he dropped Traylor and left. Traylor was carried to the hospital where he remained for 17 or 18 days; had two operations and incurred a hospital and doctors' bill in the sum of $829.50.

Nowell was a man some 64 years old and weighed about 130 pounds. Mixon was about 29 years of age and weighed 240 to 250 pounds. Traylor was a young man whose exact age is not stated. He knew both Nowell and Mixon and was friendly with both. Unquestionably, Traylor was an innocent victim of the trouble between the two defendants, Nowell and Mixon.

■ As stated above, the only insistence of Mixon for a reversal is the excessiveness of the damage. Certainly, the evidence, if believed, was entirely sufficient to support compensatory and punitive damages, both of which were clearly within the issues framed by the pleadings.

■ It is true that where the verdict of the jury is so excessive as to evidence the conviction that it was due to passion, prejudice, partiality or mistake, it should be set aside on a due motion of the defendant. Alabama Gas Co. v. Jones, 244 Ala. 413, on page 417, headnote 6, 13 So.2d 873, on page 876, and cases therein cited.

It was said in Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447:

"New trial for excessive or inadequate damages will be granted only where verdict plainly indicates 'bias,' 'passion,' 'prejudice,' or the like.
" 'Bias' means to incline to one side. 'Passion' means moved by feelings or emotions, or may include sympathy as a moving influence without conscious violation of duty. 'Prejudice' includes the forming of an opinion without due knowledge or examination."

We see no occasion for a further elaboration on the evidence. Suffice it to say, that we have carefully examined the entire record and feel no hesitancy in sustaining the judgment of the lower court in refusing to grant the motion for a new trial.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.