PEARSON, Judge.
The appellant-husband appeals from a final decree for appellee-wife entered pursuant to Section 65.10 Fla.Stat., F.S.A. The questions presented require reference to the decree. The salient portions are quoted.
“That the defendant shall pay to the plaintiff the sum of $3,000.00 per month hereafter so long as the said parties shall live separate and apart for her support and maintenance, said payments to begin as of August 1st, 1957.
“That the plaintiff shall be permitted to reside in the home property known as 4921 Pinetree Drive, Miami Beach, Florida, which is owned as an estate by the entireties. The said defendant shall pay as maintenance and support the real estate and Personal Property taxes upon said property, together with the principle and interest on the existing mortgage on said premises, and shall pay the sum of $2,500.00 for the physical maintenance of the said home property, if expended by the plaintiff on the physical maintenance of said premises. All other costs of maintenance of the said home property shall be paid by the plaintiff and the said defendant shall not be responsible for further maintenance on said home property.
******
“That the joint care, custody and control of the daughter, Frances Guil-den, who is entering college this September, shall be granted equally to both parties and the said defendant shall *738 provide for her support and maintenance except during such times as she may be living in the home occupied by the plaintiff, at which times the said plaintiff shall assume her living expenses.”
The pertinent assignments of error are:
“2. That the Court erred in ordering the defendant to pay to the plaintiff the sum of $3,000.00 per month so long as the parties shall live separate and apart for her support and maintenance, said sum being in excess of that .required to maintain the plaintiff in the standard of living heretofore established by the plaintiff and defendant and said sum being in excess of the plaintiff’s needs.
“3. That the Court erred in ordering the defendant to pay as maintenance and support the real estate and personal property taxes upon the home property located at 4921 Pinetree Drive, Miami Beach, Florida, together with the principal and interest on the existing mortgage on said property and the sum of $2,500 for the physical maintenance of the said home property as expended by the plaintiff on the physical maintenance of said premises, the real estate taxes on the said residence amounting to an average of $2,500 per year and the mortgage payments being in the sum of $1,000 per year. The Court thus placing a burden upon the defendant to pay a maximum sum of $6,000 per year for property which is owned by the parties jointly, the maintenance of which should be shared equally by the plaintiff and the defendant. The Court further erred in that the sum of $2,500 for the physical maintenance of the property is far in excess of the sum which might be reasonably required.”
The appellant refers us to Pawley v. Pawley, Fla.1950, 46 So.2d 464, 28 A.L.R.2d 1358; Kaufman v. Kaufman, Fla.1952, 63 So.2d 196; and Astor v. Astor, Fla.1956, 89 So.2d 645, 648. The appellee agrees that the principles set forth in the above cases should be governing; although, quite naturally, the emphasis and interpretation differs.
The reluctance with which an appellate court will change the amount or terms of an award of alimony to a wife under Section 65.10, supra, is expressed in the Astor case.
“We have repeatedly held that this court ‘will not disturb the order of a lower Court in the exercise of its Judicial discretion unless an abuse of this discretion is clearly shown.’ Blue v. Blue, Fla., 66 So.2d 228, 229; Cf. Ellard v. Godwin, Fla., 77 So.2d 617; Albert v. Miami Transit Co., Inc., 154 Fla. 186, 17 So.2d 89.”
See also Lauderdale v. Lauderdale, Fla.App.1957, 96 So.2d 663. While the assessment of the amount of the award of alimony is a matter calling for the exercise of judicial discretion, it seems established that the amount should conform reasonably to the standard enjoyed by the parties prior to the separation. However, it does not always follow that each party can after the separation shower upon himself or herself all of the pleasures of luxurious living formerly enjoyed. It is always more expensive to maintain two homes rather than one, and two luxuries cannot always flower where one grew before.
The wealth and income of the appellant is such that it is apparent that neither party will be likely to suffer greatly from impecuniosity. The plaintiff contended that her monthly allowance was $1,800 or $21,-600 per year and that in addition her husband was directly paying many of the household expenses, including .repairs, furnishings, utilities and other incidentals. It will be observed that the sum allowed by the chancellor considerably exceeds this figure. It may well be that he took into consideration that the husband provided automobiles, furs, extended foreign travel *739 and independent sums of money either as gifts or simply to provide for his wife’s pleasure. Such bounty is difficult to measure or to enforce for the future.
We have determined that a realistic appraisal of the record requires that the monthly payment to the wife for her support and maintenance be reduced to $2,200 per month and the- final decree is amended in this particular. In all other respects the decree is affirmed.
Reversed in part and affirmed in part.
CARROLL, CHAS., C. J., and HORTON, J., concur.