CARROLL, DONALD K., Acting Chief Judge.
In accordance with Rule 4.6, Florida Appellate Rules, 32 F.S.A., the Honorable Guyte P. McCord, Jr., one of the judges of the Circuit Court for Leon County, Second Judicial Circuit of Florida, has certified to this court for instruction the question of law set forth below.
In his certificate to this court the said judge states that during the trial of this civil action for assault and battery, seeking both compensatory and punitive damages, he gave the following charge, on the authority of Miami Transit Co. v. Yellen, 156 Fla. 351, 22 So.2d 787 (1945):
“I charge you that provocation is not a bar to a civil action of assault and battery but in a case where the jury finds that the defendant is liable to the plaintiff for damages provocation may be considered by the jury in mitigation of plaintiff’s damages.”
The judge further states in his certificate that the cause is pending on the plaintiff’s amended motion for a new trial and that the parties have agreed that the sole issue is whether the quoted instruction reflects the law in Florida, the plaintiff contending that the said instruction is *460 contrary to the law of Florida as laid down in Webb v. Brown, 63 Fla. 306, 58 So. 27 (1912). The judge then declares that the answer to the certified question “will clarify the law of Florida and determine the issue of whether or not a new trial mus) be had in this cause. The certified ques tion is as follows:
“IN A CIVIL TRIAL FOR ASSAULT AND BATTERY MAY PROVOCATION BY THE PLAINTIFF BE CONSIDERED BY THE JURY IN MITIGATION OF COMPENSATORY DAMAGES ?”
In our opinion, the said judge’s certificate of the question accords fully with all of the requirement of Rule 4.6, Florida Appellate Rules, entitling him to our answer to his certified question.
We answer the said certified question in the affirmative, although answering this question is not without difficulty, due to an apparent conflict between the two cited decisions of our Supreme Court.
In Webb v. Brown, supra, decided by our Supreme Court in 1912, an action was brought to recover damages for an alleged malicious assault and battery. A trial was had on a plea of not guilty, and a verdict and judgment were rendered for $37.50, and the plaintiff appealed. In its opinion the Supreme Court said:
“In a civil action to recover damages for an assault and battery, under a plea of not guilty, circumstances may be shown in evidence in mitigation of punitive damages, but not of actual damages. Mitchell v. Gambill, 140 Ala. 316, 37 So. 290. This action was for punitive damages as well as for compensation for actual damages, and no reversible errors are made to appear.”
This quoted statement was gratuitous and constituted obiter dictum. The evidence objected to at the trial by the plaintiff was offered for the purpose of showing provocation and justification although no plea of justification had been interposed by the defendant. No question was raised in the trial court, nor was it raised in the appellate court, as to whether evidence of provocation was admissible for the purpose of mitigating either compensatory or punitive damages. For these reasons the dictum contained in the Webb case does not represent the controlling law of Florida.
On the other hand, in Miami Transit Co. v. Yellen, supra, decided in 1945, 23 years after its Webb decision, the Florida Supreme Court said in its opinion that, in this bus passenger’s action against a bus company for a bus driver’s assault, the plaintiff “sued for compensatory and punitive damages and the jury awarded a $2,000 verdict,” which verdict “is based largely on punitive damages. * * * ” With regard to the trial court’s jury instruction concerning provocation, the Supreme Court held:
“The court properly instructed the jury that provocation could not be shown to bar the action, but could be considered in mitigation of damages. The following authorities justify the verdict and judgment: Vol. 4, Amer.Jur., Sec. 164, pg. 203; Seaver v. Stratton, [133 Fla. 183, 183, So. 335,] supra; Albert v. Miami Transit Co., [154 Fla. 186, 17 So.2d 89,] supra; Vanvaks v. Chantly, 107 Fla. 647, 145 So. 838; Pandula v. Fonseca, 145 Fla. 395, 199 So. 358; Adler et al. v. Saffran, 147 Fla. 549, 3 So.2d 364.” (Emphasis supplied.)
The problem, of course, is to construe the meaning of the emphasized words in the above quotation — “provocation * * * could be considered in mitigation of damages.” Does this mean compensatory or punitive damages, or both? Since the word “damages” was not qualified, can we logically presume that the court was referring to both kinds of damages — for both kinds were alleged and proven in the trial court and hence were proper subjects for jury instructions ?
*461 The first authority cited by the Supreme Court in the above quotation from the Yellen case — Vol. 4, Am.Jur., Assault and Battery, Sec. 164, page 203 — clearly indicates that the court was fully aware of the subject of that section and the succeeding section — that there is a split of authority on the question whether evidence of provocation in an assault and battery case may be considered by the jury in mitigation of compensatory damages. Perhaps the Supreme Court decided to place itself among the courts described in the last paragraph of the said Section 164, reading:
“In some cases the courts have stated generally that provocation might be considered in mitigation of damages without referring to any distinction in the application of the rule to exemplary or compensatory damages.”
In the Yellen case the plaintiff sued for damages sustained as a result of an assault and battery made upon him by defendant’s bus driver, resulting in a $2,000.00 verdict and judgment based largely on punitive damages.
On the other hand, in the Yellen case the only attack on the judgment made in the appellate court was upon the contention that the verdict was excessive. After recounting the facts reflected by the record which tended to prove that the assault and battery made upon plaintiff was malicious, unlawful, and intentional, thus entitling plaintiff to recover punitive damages, the court said:
“The court properly instructed the jury that provocation could not be shown to bar the action, but could be considered in mitigation of damages.”
The foregoing statement of law draws no distinction between compensatory or punitive damages, nor does it purport to state that provocation can be shown in mitigation of either or both types of damages. One is left to indulge purely in conjecture and speculation in attempting to discern what the Supreme Court meant by the principle of law incorporated in its opinion. Since the quoted statement followed a discussion of the facts authorizing the recovery of punitive damages, it might be said with logic that the principle of mitigation applies only to punitive damages, but not to compensatory damages. On the other hand, it can be concluded with equal logic that the court did not intend to distinguish between the two different types of damages, and meant for its statement of principle concerning mitigation to apply equally to both punitive and compensatory damages. The opinion is so vague, indefinite and confusing as to be of little or no assistance in determining what is the law of Florida on this question. The confusion is compounded by the failure of the court, either intentionally or through oversight, to discuss or even mention its prior decision in Webb v. Brown which by dictum appeared to reach a contrary conclusion.
Rule 4.6, Florida Appellate Rules, authorizes the appellate courts of the state to answer certified questions of law propounded by a lower court that are determinative of the cause and are “without controlling precedent.” Because of the uncertainties involved in construing the Webb and Yellen decisions, as discussed above, we think that it falls within the spirit of the said rule to hold that the certified question herein is “without controlling precedent” in Florida and should be answered by this court.
For the foregoing reasons we hold that in a civil action for assault and battery, provocation by the plaintiff may be considered by the jury in mitigation of compensatory damages. Accordingly, the certified question is answered in the affirmative.
WIGGINTON and RAWLS, JJ., concur.