DREW, Justice, Retired.
The decision of the lower court[1] holds that “ * * * in a civil action for assault and battery, provocation by the plaintiff may be considered by the jury in mitigation of compensatory damages.”[2] This holding is in direct conflict with the holding of Webb v. Brown,[3] a case decided by this Court in 1912, where we said: “In a civil action to recover damages for an assault and battery, under a plea of not guilty, circumstances may be shown in evidence in mitigation of punitive damages, but not of actual damages.”[4] To resolve this patent conflict we have granted certiorari.[5]
The District Court concluded that the quoted language from the Webb case was “gratuitous and constituted obiter dictum” and that therefore it “does not represent the controlling law of Florida.” Our examination of the original record in this Court in that case, and a careful study of the decision and the Alabama case[6] cited in support compel us to a contrary conclusion on both points. We think the language quoted not only was pertinent to the case under consideration but pronounced what was then — and is now — the great weight of authority and the better reasoning. Moreover, we find no departure from that conclusion in the cases in this Court since then, nor any material departure from the rule there pronounced in other jurisdictions.
It is argued by respondent that the subsequent case of Miami Transit Co. v. Yellen[7] reached a contrary conclusion. The District Court apparently accepted this argument in concluding as it did, that provocation could be considered by the jury in mitigation of compensatory damages. In discussing Yellen, the District Court said:
“ * * * Since the quoted statement followed a discussion of the facts authorizing the recovery of punitive damages, it might be said with logic that the principle of mitigation applies only to punitive damages, but not to compensatory damages. On the other hand, it can be concluded with equal logic that the court did not intend to distinguish between the two different types of damages, and meant for its statement of principle concerning mitigation to apply equally to both punitive and compensatory damages.”
In the Yellen case, supra, Yellen sued Miami Transit for assault and battery committed by one of its bus drivers and was awarded damages in the sum of $2000.00. On appeal the verdict was attacked as being excessive because the passenger’s conduct precipitated the assault and battery. In the decision this Court particularly took note of the fact that the judgment was largely for punitive damages and affirmed, holding the verdict was not excessive in the light of the instruction of the court that provocation could not bar an assault and battery but could be considered in mitigation of damages. The following language of this Court is particularly perti *862 nent to the question under consideration, viz:
“The plaintiff’s allegations and proof are that the assault and battery were malicious, unlawful and intentional, thus entitling him to recover punitive damages. The court properly instructed the jury that provocation could not be shown to bar the action, but could be considered in mitigation of damages. The following authorities justify the verdict and judgment: Vol. 4, Amer.Jur., Sec. 164, pg. 203; Seaver v. Stratton, supra [133 Fla. 183, 183 So. 335]; Vanvaks v. Chantly, 107 Fla. 647, 145 So. 838; Pandula v. Fonseca, 145 Fla. 395, 199 So. 358; Adler et al. v. Saffran, 147 Fla. 549, 3 So. 2d 364.”
The Court unfortunately used the general term “damages” instead of specifying whether it referred to compensatory or punitive damages but, taken in context and considering the language used, and the specific holding in the prior Webb case as well as the great weight of authority at that time on the subject, we are of the view that the failure to specify the type of damages referred to was inconsequential and that Yellen stands clearly for the proposition established in the Webb case that provocation may be considered by the jury in mitigation of punitive damages only. Such conclusion is the interpretation subsequently given this opinion by the authors of 6 American Jurisprudence where the Yellen case is cited as authority for the following statements from the text, “abusive, insulting and defamatory words applied by the plaintiff to the defendant in a civil action for assault and battery may be shown in mitigation of punitive damages if they are of so recent occurrence and are so connected with the assault as to warrant an inference that it was committed under the influence of the passion produced by them.” Moreover, we think this quoted text is a clear and succinct statement of the great weight of authority on this subject and, as we have heretofore stated in the opinion, accords with the greater logic and reasoning than the contrary view.[8]
The questioned decision of the District Court is quashed and the cause remanded to that Court for further proceedings in conformity with the views herein expressed.
ERVIN, Acting C. J., CARLTON, and BOYD, JJ., and SPECTOR, District Court Judge, concur.

. Brown v. Palmer (Fln.App.lst), 233 So.2d 459.

. Quoted language from the last paragraph of the opinion, text page 461 of 233 So.2d.

. 63 Fla. 306, 58 So. 27 (1912).

. Text quoted from page 28 of 58 So.

. Sunad, Inc. v. City of Sarasota (Fla.), 122 So.2d 611.

. Mitchell v. Gambill, 140 Ala. 316, 37 So. 290.

. 156 Fla. 351, 22 So.2d 787.

. See Sutherland on Damages, 4th Edition, Volume 1, para. 151, p. 460, et seq.; 16 A.L.R. 816; 123 A.L.R. 1126-1127; See also the following law review articles : Eordham L.Rev., Vol. 14, p. 95 (1945) ; Texas L.Rev., Vol. 41, No. 1, p. 124 (1962) ; Harvard L.Rev., Vol. XVI, p. 591 (1902); Harvard L.Rev., Vol. 70, p. 517, et seq. (1956-7).