## DIAMANTE URGA, v. STATE OF FLORIDA

26 So. (2nd) 786          June Term, 1946
July 23, 1946          En Banc

*Pat C. Whitaker* and *J. Lewis Hall,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, and *Luther W. Cobbey,* for appellee.

SEBRING, J.:

Diamante Urga was convicted of using certain instruments and other means wilfully and feloniously in and upon a female person with the intent to procure a miscarriage, in violation of Section 797.01, Florida Statutes, 1941, F. S. A. On appeal the judgment was affirmed. See Urga v. State, 155 Fla. 86, 20 So. (2nd) 685. Thereafter Diamante Urge applied to this court for leave to file an application for a writ of error coram nobis in the court below on the ground of newly discovered evidence which would preclude the entry of the judgment. Permission to apply to the trial court for the writ of error coram nobis was finally granted by this court after full consideration of the sufficiency of the petition to state a ground for relief. The defendant then presented to the trial court her petition for writ of error coram nobis, which contained the identical language and had attached thereto the identical affidavits in support thereof, as was held sufficient by this court on the application of the writ. Objections were filed by the state to the issuance of the writ. Upon the hearing on the objections the trial court entered an order that "it appearing from the order of the Supreme Court as well as the decisions in other cases that this court has the duty, power and authority to pass upon and determine the sufficiency of the petition filed by the defendant, it is thereupon ordered that said motion of the defendant for said writ be, and the same is hereby denied. It is the order of the court that said petition is insufficient as a basis for writ of error coram nobis and it is for this reason the court denies said motion of the defendant and does hereby dismiss said petition."

An appeal has been taken by the defendant from this order. The question for decision is presented in briefs of counsel, as follows: Where the Supreme Court of Florida affirms a judgment of conviction and subsequently there is presented to the Supreme Court a proposed petition for writ of error coram nobis to the lower court with application for leave to file the same and the Supreme Court after full argument on the sufficiency of the proposed petition grants leave for it to be filed in the lower court, does the granting of such leave to file establish the sufficiency of the petition for writ of error coram nobis?

We are of the view that this question must be answered in the affirmative. In Chambers v. State, 117 Fla. 642, 158 So. 153, it is held: "It is . . . proper and entirely consistent with principle that this court after affirming a judgment of conviction should require a convicted person desiring a writ of error coram nobis to submit his petition to this court wherein he shall set forth the facts which were not brought to the attention of the trial court and which he asserts would have precluded the entry of the particular judgment had they been known or had been brought to the court's attention. In such case this court then determines the legal effect of such alleged facts as affecting the judgment, and if it deems them sufficient in legal effect if established, it grants permission to the applicant to apply to the trial court for a writ of error coram nobis. . . . "

"When the Supreme Court has made its order upon a petition duly presented allowing the petitioner to apply to the trial court for a writ of error coram nobis, it is equivalent to an order or mandate that the lower court allow the writ to the end that the question of fact may be inquired into, and if it be found that it is true, then the judgment entered should be anulled and the proceeding in the cause taken up again at the point where the error in fact occurred."

"In a case like the one at bar, where this court affirmed the judgment and allows the petitioner to apply for a writ of error coram nobis, its judgment allowing such application determines the legal effectiveness of the alleged fact and directs the trial court to annul the judgment if the fact alleged is

found to be true. If it were not so, the proceeding would be a farce, for the trial judge might hold the fact on such a plea to be insufficient. On writ of error taken to that judgment this court would either be bound to adhere to its former order allowing the application, thereby deciding the legal effectiveness of the admitted fact to annul the judgment, or it would be compelled to recede from its former pronouncement and hold with the trial judge. So that way to test the legal sufficiency of the facts is obviously precluded in a case like this where the judgment sought to be anulled has been affirmed by the Supreme Court."

Counsel for the State contend that Chambers v. State, supra, from which we have quoted at length, has been overruled by the later decision of Johnson v. State, 144 Fla. 87, 197 So. 721, because in the Johnson case it is said that "The fact that this court has granted permission to make the application [for writ of error coram nobis] does not inhibit the circuit court from testing its sufficiency in the light of considerations before him." It is suggested by the State that this pronouncement constitutes the latest ruling on the precise question presently before us and ought to prevail. We think not, for as we understand the Johnson case there were facts before the circuit court in that case that are not present in the case at bar. However, so that there may be no uncertainty in the future concerning the correct rule to be applied by the trial court in a proceeding where prior permission to file a petition for writ of error coram nobis in the trial court has been granted by this court, we hold that the rule enunciated in Chambers v. State, supra, and quoted herein, should prevail; and that insofar as Johnson v. State, supra, or any other decision of this court, appears to be inconsistent therewith the same is hereby modified or overruled to conform to our holding in the case at bar.

It follows from what has been said that the judgment or order appealed from must be reversed with directions that the trial court allow the petition to be filed and that the cause proceed in accordance with approved procedure either by plea filed by the State and taking of issue upon the allegation of fact in the application for the writ, or by special plea setting

up any matter in confession and avoidance, as is pointed out in Chambers v. State, 117 Fla. 642, 652, 158 So. 153, 157, supra.

It is so ordered.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD, THOMAS and ADAMS, JJ., concur.