**DIAMANTE URGA v. STATE OF FLORIDA**

36 So. (2nd) 421                                      June Term, 1948
July 30, 1948                                          En Banc

*Whitaker Brothers* and *J. Lewis Hall,* for appellant.

*J. Tom Watson,* Attorney General, *Ernest W. Welch,* Assistant Attorney General, and *Lucille Snowden,* Special Assistant Attorney General, for appellee.

THOMAS, C. J.:

The appellant was tried in the Criminal Court of Record of Hillsborough County and convicted of wilfully, unlawfully, and feloniously using certain instruments on a female with intent to procure a miscarriage. Upon appeal, the matter was reviewed here and the judgment was affirmed. Urga v. State, 155 Fla. 86, 20 So. (2nd) 685.

Later the appellant filed a motion in this court seeking an order authorizing the trial court to entertain and decide her application for a writ of error coram nobis. The motion was granted; whereupon the petition was presented to the Criminal Court of Record of Hillsborough County. Eventually a jury was impaneled to try the issues formed by the allegations in the petition and the pleas filed by the county solicitor on behalf of the state. The trial culminated in a verdict "for the Petitioner, Diamante Urga, and against the State of Florida."

Subsequently the county solicitor filed a motion for new trial on the three grounds that the verdict was contrary to the law, the evidence, and the weight of the evidence, which, after argument of counsel for the appellant and the county solicitor, was decided, to quote the order, "in words and figures following: Motion heard, considered and granted."

We are presently considering an appeal from that motion, which we have held, by denying a motion to dismiss in this court, was an appealable order.

A careful examination of the record in this case has satisfied us that there was abundant testimony, if believed by the jury, to substantiate the position taken by the appellant. It is true that this court is always reluctant to disturb an order of a trial court granting a new trial, inasmuch as such a motion is "addressed to the sound judicial discretion of the trial court, and the presumption is that he exercised that discretion properly." Henderson v. State, 135 Fla. 548, 185 So. 625. However, if substantial evidence appears to support the verdict, it should stand, as "the trial court is without authority at law to substitute his conclusions based on the evidence for the views and conclusions of the jury impanelled and sworn to try the controverted issues of fact." Hart v. Held, 149 Fla. 33, 5 So. (2nd) 878. The author of the opinion in that case further observed that a trial court might set aside the verdict and grant a new trial if the jury had been deceived "as to the force and credibility of the evidence, or . . . influenced by considerations outside the record, but when no issue is involved but the sufficiency and the probative force of the evidence, the verdict should not be interfered with. *It is error to grant a new trial when the verdict set aside is supported by the testimony appearing in the record and nothing can be accomplished except to have another jury review the cause."* (Emphasis supplied).

Adverting to the motion of the state and the order of the judge, which we have quoted, we find nothing to apprise us of the errors which were urged or the reasons that prompted the court in ruling as he did. From the examination of the record we have not discovered any question save what might have arisen from conflicts in the testimony of the witnesses who

testified in the case, and we have reached the conclusion that the only purpose that could be served by a retrial would be a review of the facts by a different jury.

So we decide that the order should be reversed, with directions to enter judgment in favor of the appellant and to proceed accordingly.

Reversed.

TERRELL, CHAPMAN, ADAMS, BARNS and HOBSON, JJ., concur.

SEBRING, J., dissents.

SEBRING, J., dissenting:

This is an appeal from an order granting the State of Florida a new trial in a coram nobis proceeding.

The appellant Urga was tried and convicted in the Criminal Court of Record of Hillsborough County of unlawfully using certain instruments and other means in and upon one Clara Belle Shaw, with the intent to procure the miscarriage of the said Clara Belle Shaw, contrary to section 797.01 Florida Statutes 1941, F.S.A. The judgment was affirmed on appeal. Urga v. State, 155 Fla. 86, 20 So. (2nd) 685. Thereafter the appellant filed her application in this court for permission to present a petition for a writ of coram nobis to the court below, on the ground of newly discovered evidence which it is alleged was not known and could not have been known to her or her counsel at or before trial, and permission to apply for the writ was granted by this court after full consideration of the sufficiency of the petition to state a ground for relief. See Urga v. State, 157 Fla. 794, 26 So. (2nd) 786. Subsequently, the lower court allowed the petition to be filed, pleas were interposed thereto denying the material allegations of the petition, and a trial was had on the issues presented. At the conclusion of the evidence the jury returned a verdict in favor of the appellant, Urga, and against the State of Florida. Thereafter, upon motion for new trial filed by the State, the court ordered a new trial on the ground that the verdict was contrary to the law, the evidence and the greater

weight of the evidence. The appellant has taken an appeal from that order.

I think that the only real question on the appeal is whether or not the trial court should be reversed for awarding a new trial to the State of Florida after the return of a jury verdict for the appellant based upon conflicting evidence.

The rule is established in this jurisdiction that the granting or denial of a motion for new trial is addressed to the sound judicial discretion of the trial judge, and that an appellate court will not disturb such a ruling unless a clear abuse of judicial discretion is shown. By the term judicial discretion, as applied to the foregoing rule, is meant a discretion exercised within the limits of the principle of law particularly applicable to the issues presented; and before it can be found by an appellate tribunal that there has been a clear abuse of judicial discretion it must appear that in ruling on the motion the presiding judge acted from mere whim or caprice, or from a clear misconception of the evidence and the law, or in a manner clearly arbitrary, unreasonable or unjust, when tested by the principles of law applicable to the issues involved. Compare Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241.

The appellant contends that in the instant case the record reveals an abuse of judicial discretion in the order granting a new trial, for the reason that in the trial proceedings in the court below there was a sharp conflict of evidence between the contending parties which only the jury had power to resolve, under our system of trial procedure, and hence that the trial judge had no power to disturb the verdict and award a new trial on the ground that the verdict was contrary to the weight of the evidence. It is ordinarily true that the responsibility for weighing, and resolving conflicts in, the evidence is not the prerogative of the trial judge but the function of the jury, under appropriate instructions from the trial judge, but this rule is not without exception: It is the law of this jurisdiction that a trial judge may award a new trial, even in the face of a verdict based upon conflicting evidence, if he finds that justice demands that the cause be submitted to another

744

jury. Baker v. Peavy-Wilson Lumber Company, 140 Fla. 791, 192 So. 193.

In the case at bar I find not only that the evidence offered by the contending parties at the trial was in sharp conflict, but also that the evidence offered by the appellant to sustain the allegations of her petition was conflicting and confusing within itself. It is my view that under such circumstances it cannot be said that the trial judge abused his judicial discretion in granting a new trial. I am therefore of opinion that the order appealed from should be affirmed. See Knudsen v. Hanlan, 160 Fla. 566, 36 So. (2nd) 192; Knight v. American Eagle Fire Ins. Co. of New York, 131 Fla. 764, 179 So. 792; Lockhart v. Butt-Landstreet, Inc., 91 Fla. 497, 107 So. 641; Gulf Refining Co. v. Howard, 82 Fla. 27, 89 So. 349; Carney v. Stringfellow, 73 Fla. 700, 74 So. 866.