Condemnation suit by Miami Shores Village, a municipal corporation, against L.E. Edwards. From an order granting the village a new trial, L.E. Edwards appeals.
Order reversed with directions.
This appeal is from an order granting the petitioners a new trial in a condemnation proceeding instituted in Dade County.
L.E. Edwards was the owner of a tract of land lying east of and adjoining a small tract of land owned by Miami Shores Village, a municipal corporation. The *Page 361 
Edwards tract, platted as an exclusive residential subdivision, consisted of two tiers of lots separated by a dead-end street which ran in a westerly direction from Biscayne Boulevard and terminated some forty feet east of the Village property. The Village instituted a condemnation suit to acquire a twenty foot strip of the property to be used as an access road from the end of the street in the Edwards Subdivision to the property line of the lot owned by the Village. On the trial the jury awarded the landowner the sum of $10,450 as compensation for the land to be appropriated, and an attorney's fee of $1,000. Subsequently, the trial court granted the Village a new trial and Edwards appealed from the order.
The first question presented on the appeal is whether an order setting aside a jury verdict and granting the condemning authority a new trial in an eminent domain proceeding may be reviewed here by an appeal taken by the owner of the property in favor of whom the jury verdict was rendered.
Chapter 73, Florida Statutes 1941, F.S.A., prescribes the procedure under which private property may be taken for public use without the consent of the owner under the power of eminent domain. Section 73.14 provides that, "Any person aggrieved by the final judgment may appeal to the supreme court, but no appeal shall be entered after thirty days from the rendition of the judgment, and such appeal shall in no case operate as a supersedeas where the petitioner has paid the amount of compensation into court as aforesaid, so as to prevent the petitioner's appropriation of the property pending the appeal. * * *" The appellee contends that inasmuch as section 73.14, supra, deals only with conditions under which an appeal may be taken from a final judgment in a condemnation suit and says nothing about an appeal from any other kind of order in such a litigation, an appeal from an order granting a new trial in an eminent domain proceeding is not authorized in Florida.
We are unable to agree with the contention made by the appellee. Section 59.04, Florida Statutes 1941, F.S.A., provides that, "Upon the entry of an order granting a new trial, the party aggrieved may, without waiting for final judgment, prosecute an appeal to the proper appellate court * * *". Though this section appears to be restricted by other language used in Chapter 59, Florida Statutes 1941, F.S.A., to orders for new trials in actions at law, we think that the section is broad enough to include the review of an order granting a new trial in an eminent domain proceeding which, though statutory in nature, is nevertheless triable by a jury in conformance with the practice governing trials in actions at law generally.
Our view of section 73.14, supra, is that its purpose is not to confine appellate jurisdiction in condemnation proceedings to the review only of final judgments, but to limit the time within which appeals may be taken from such final judgments to thirty days instead of the sixty days allowed for taking appeals generally (Sec. 59.08, Florida Statutes 1941, F.S.A.) and to prohibit the entry of any supersedeas order on an appeal which will have the effect of preventing the condemning authority from appropriating the property pending the appeal, where the compensation awarded by the jury has been paid into the registry of the court.
The only other question of this appeal is whether the trial court committed reversible error in granting a new trial on the grounds that the verdict was excessive and was contrary to the law, the evidence and the charge of the court.
The evidence offered at the trial showed that the petitioner's purpose in condemning the strip of land belonging to the respondent was to extend the dead-end street in the Edwards subdivision up to the Village property on which the Village had consented that a club house might be built for an American Legion Post. As extended, this street was to provide the only means of ingress and egress from Biscayne Boulevard to the site of the proposed club house property. Three real estate appraisers who testified for the petitioner placed the value of the land to be appropriated at approximately $360 to $500. Though one *Page 362 
of the witnesses admitted on cross examination that the extension of the dead-end street in the Edwards property to the club house site in the Village would adversely affect the value of the lots in the subdivision, he refused to give an estimate as to the amount of the reduction in value. The other two witnesses for the petitioner testified that the opening of the street to traffic and the conversion of the neighborhood into a club house district would not result in depreciating the value of the subdivision for residential purposes. A real estate appraiser who appeared as a witness for the respondent placed the actual value of the strip of land sought to be appropriated at $380 and the depreciation in the value of the subdivision as the result of the condemnation at $15,335. Upon this conflicting evidence the jury returned a verdict for $10,450 as compensation for the property, together with an attorney's fee of $1,000.
While it is the rule in this jurisdiction that the granting of a motion for new trial is addressed to the sound judicial discretion of the trial judge and will not be disturbed on appeal unless a clear abuse of discretion is shown, it is also the rule that a trial court should not set aside a verdict and grant a new trial in a case where the only issue involved is the sufficiency and probative value of the evidence, and when there is substantial competent evidence in the record to support the verdict and the only thing that will be accomplished by a new trial will be to have another jury retry the cause. As stated in Seaver v. Stratton, 133 Fla. 183, 183 So. 335, 337: "When it is shown that the jury is deceived as to the force and credibility of or is influenced by illegal and improper evidence or influenced by considerations outside the evidence, the court may set its verdict aside and grant a new trial, but, when nothing is involved but the sufficiency of and the probative force of the evidence, the trial court is, under no circumstances, warranted in pitting his judgment against that of the jury. It is an abuse of discretion to grant a new trial when the verdict finds ample support in the record and no illegal evidence is shown to have gone to the jury and nothing can be accomplished except to have another jury review the cause." Hart v. Held, 149 Fla. 33, 5 So.2d 878; Albert v. Miami Transit Co., 154 Fla. 186, 17 So.2d 89; Urga v. State, Fla., 36 So.2d 421.
It is not made to appear by the record that the jury was "deceived as to the force and credibility" of the evidence or that it was "influenced by illegal and improper evidence" or "by considerations outside the evidence" in arriving at its verdict. The witnesses for the parties were in substantial agreement as to the value of the narrow strip of property which the Village sought to appropriate for a roadway to the prospective club house property, but differed greatly as to whether damage would accrue to the remainder of the residential subdivision by reason of the taking and of the uses to which the appropriated land was to be put. Only one witness for the petitioner was of opinion that any damage would accrue to the remainder of the property, and he refused to put an estimate upon the amount of such damage. The witnesses for the respondent testified that the remainder of the subdivision would be materially depreciated in value as the result of the appropriation, and one, a real estate appraiser, gave a specific estimate of the damages that would accrue. The only real issue involved, therefore, was as to what damage, if any, would accrue to the highly restricted subdivision property by reason of the taking of a strip of land and the uses to which it was to be put. The jury determined this conflict in favor of the respondent, upon appropriate instructions by the court. The verdict returned was well within the amount testified to by the landowner's witnesses. It cannot be said, therefore, that the verdict was contrary to the law, the evidence, and the charge of the court.
Under the circumstances nothing could be accomplished by a new trial except to give another jury an opportunity to retry the cause. This would be contrary to the principle stated in Seaver v. Stratton and other cases cited, supra. Accordingly, the order appealed from should be reversed *Page 363 
with directions that a judgment be entered in favor of the appellant based upon the verdict returned by the jury.
It is so ordered.
ADAMS, C.J., and THOMAS and HOBSON, JJ., concur.
TERRELL, CHAPMAN and BARNS, JJ., dissent.