STURGIS, Judge.
The appellants, husband and wife, plaintiffs below, appeal from an order granting defendant’s motion for a new trial in a negligence action for damages arising out of injuries to the wife resulting from a collision between her automobile, driven by her, and an earthmover operated by defendant-appellee. The jury awarded the wife $2,500 and the husband $2,300 damages.
While defendant filed an answer denying the negligence charged by the complaint, on the trial the defense was withdrawn and the cause tried only upon the issue of damages. Plaintiffs alone testified in their own behalf. No witnesses were produced by defendant.
The order granting the motion for new trial recites:
“This cause came on to be heard this day on defendant’s motion for new trial, and the Court having heard argument of counsel and being advised in the premises, is of the opinion that the damages awarded by the jury to the respective parties is disproportionate in that if the amount awarded the plaintiff-wife by the jury was a fair award, then in the opinion of the Court, the amount awarded the plaintiff-husband is excessive, and, on the other hand, if the amount awarded the plaintiff-husband by the jury was a fair award, then, in the opinion of the Court, the amount awarded to the plaintiff-wife is inadequate, and that by reason thereof the verdict of the jury herein is considered contrary to *145 the preponderance of the evidence and the manifest justice of the case and should be set aside. It is, thereupon,
“Ordered and Adjudged that defendant’s motion for new trial be, and the same is, hereby granted on the fifth ground of defendant’s said motion.”
The mentioned fifth ground of the motion for new trial is as follows:
“5. The verdict is contrary to the preponderance of the evidence and the manifest justice of the case.”
We are called on to determine whether the trial court erred in granting the motion for new trial on the stated ground, where it appears that it was impelled to do so because, in its opinion, the amounts awarded by the jury to the parties, respectively, are disproportionate in favor of one or the other.
The causes of action sued on are separate and may be maintained without the joinder of the spouse in either case. Busby v. Winn & Lovett Miami, Inc., Fla.1955, 80 So.2d 675; Waller v. First Savings & Trust Co., 103 Fla.1025, 138 So. 780; Womach v. City of St. Joseph, 201 Mo. 467, 100 S.W. 443, 10 L.R.A.,N.S., 140; 41 C.J.S. Husband and Wife § 401, page 890; 27 Am.Jur. 116, Sec. 516. On oral argument here counsel for appellee conceded that the trial court was in error in granting a new trial to the wife, which admission flows from the fact that the quoted order docs not hold, as a matter of law, that the jury awarded the wife damages in an amount less than allowable under the proofs, and the wife has not questioned the verdict.
The trial court has apparently promulgated a rule of law whereby in any action involving multiple parties plaintiff, the trial court may, even though plaintiffs’ claims are separate and distinct, make a comparison of the verdicts rendered and, upon determining that they are disproportionate, grant a new trial as to all parties. Appellee cites no authority to support that proposition and our independent search has revealed none.
A careful review of the record in this cause reveals that the amount of the respective verdicts herein finds support in the proofs adduced, and that no improper evidence is shown to have gone to the jury, so that all that could be accomplished by a new trial is to have another jury review the cause on the question of the amount of damages. On the motion for new trial the only question involved was the sufficiency and probative force of the evidence. The quoted order of the trial court clearly negatives any proposition that the amounts of the verdicts were such as to shock the conscience of the court. Under such circumstances, the verdicts should stand because the trial judge is not warranted in pitting his judgment against that of the jury. Edwards v. Miami Shores Village, Fla.1959, 40 So.2d 360; Hart v. Held, 149 Fla. 33, 5 So.2d 878; Albert v. Miami Transit Co., 154 Fla. 186, 17 So.2d 89; Urga v. State, 160 Fla. 740, 36 So.2d 421; Seaver v. Stratton, 133 Fla. 183, 183 So. 335.
We are not unmindful of the broad discretion vested in trial courts to grant new trials. Cloud v. Fallis, Fla., 110 So.2d 669, 673. In Hygema House Movers, Inc., v. McDonald, Fla.App., 125 So.2d 902, this court affirmed an order granting a new trial on the authority of Cloud v. Fallís, but in Hygema the jury had apparently ignored the uncontradicted evidence. The case on review, however, does not fall within the rules of Cloud or Hygema. In Cloud the issues of negligence and contributory negligence were contested by the proofs, and the trial court held that the verdict of the jury was contrary to “the manifest weight of the evidence.” We do not deny to the trial court in a multi-plaintiff case the power to set aside verdicts that are not supported by the manifest weight of the evidence, which is in accord with Cloud, or where a verdict is so contrary to the *146 manifest weight of the evidence and justice of the case as to shock the conscience of the court. We hold, however, that the trial court does not have the power to set aside the verdict of a jury simply because in its opinion the verdict cannot be reconciled with some other verdict.
Accordingly, the order appealed must be and it is vacated and the cause remanded with directions to enter judgments in accordance with the verdicts of the jury.
Reversed and remanded.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.