TILLMAN PEARSON, Judge.
The appellant received a jury verdict of $24,500 in a condemnation proceeding brought by the appellee, State Road Department of Florida. The property taken was a part of a parcel of land upon which the appellants, Church of the Brethren, maintained a house of worship. At the trial the only issue was the value of the property taken. After the verdict the trial judge granted appellee’s motion for a new trial upon the following grounds :
“(a) That the verdict is contrary to the manifest weight of the evidence and justice of the cause and that if a new trial were not granted, it would be a miscarriage of justice.
“(b) That the amount of the verdict is grossly excessive and is not supported by the evidence adduced at the trial and is contrary to the manifest weight of the evidence and law in the case.
“(c) That the verdict is contrary to the manifest weight of the evidence so as to indicate improper decision on the part of the jury in that it acted through sympathy.”
On this appeal appellant contends that the verdict rendered was within the range and limits of the testimony adduced. The appellee contends that the only substantial testimony was that of its appraiser who set a much lower figure.
The condemning authority presented testimony of one appraiser. He set an amount for the actual square footage taken but stated that he had not made an allowance for the damage done to the remainder of the property because of the severance of the portion taken. The Church presented testimony which, if believed by the jury, was sufficient to establish that because of the portion taken the remainder of the *259 property would be rendered practically useless as a place for a house of public worship. The appellant thereupon offered eyidence to show that the only alternative to abandonment of all church activity was to sell the remaining property and build elsewhere since the existing building could not feasibly be moved.
It has been established that where the location of a road on land close to a church so impairs the usefulness of the property for church purposes, the effect constitutes an element of damage cognizable in a condemnation proceeding. Durham & N. R. Co. v. Trustees of Bullock Church, 104 N.C. 525, 10 S.E. 761; see Baltimore & Potomac R. R. v. Fifth Baptist Church, 108 U.S. 317, 2 S.Ct. 719, 27 L.Ed. 739; cf. Edwards v. Miami Shores Village, Fla.1949, 40 So.2d 360.
The question then becomes whether, when the condemning authority fails to present evidence as to severance damages, a new trial may be granted upon a verdict which allows severance damages as testified to by the defendant’s witnesses. In this connection it is clear that the ap-pellee did not object to evidence proffered by the appellant-defendant as to the amount of severance damages or to the court’s instruction that such damages were allowable. Under these conditions we think that the only question for the trial judge was whether the amount set by the jury was within the range and limits of the testimony adduced. We hold that the verdict was within such range and limits. The order granting a new trial must be reversed upon the authority of Edwards v. Miami Shores Village, Fla.1949, 40 So.2d 360; see also Houston Texas Gas and Oil Corporation v. Hoeffner, Fla.App.1961, 132 So.2d 38.
Because of this holding it is apparent that the trial court’s other grounds for granting a new trial are inapplicable. In addition, we hold that the record totally fails to support the conclusion that the jury verdict was influenced by passion or sympathy.
' Accordingly, the order granting a new trial is reversed with directions to enter judgment upon the verdict.