423 So.2d 357 (1982)
Marvin FRANCOIS, Appellant,
v.
STATE of Florida, Appellee.
Marvin FRANCOIS, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., Respondent.
Nos. 62874, 62916.
Supreme Court of Florida.
December 1, 1982.
*358 Joel N. Rosenthal and Lawrence M. Malman, Miami, for appellant/petitioner.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., Miami, for appellee/respondent.
PER CURIAM.
Marvin Francois appeals the trial court's order denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Additionally, he has filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. We affirm the denial of the motion to vacate and deny the petition for writ of habeas corpus.
Francois was convicted of six first-degree murders, along with additional crimes, and received six sentences of death. On direct appeal, we affirmed his convictions and death sentences. Francois v. State, 407 So.2d 885 (Fla. 1981). The Supreme Court of the United States denied a petition for writ of certiorari. Francois v. Florida, ___ *359 U.S. ___, 102 S.Ct. 3511, 73 L.Ed.2d 1384 (1982). On November 5, 1982, the governor signed a death warrant. Francois' execution was scheduled for December 7, 1982. Francois filed a motion to vacate in the trial court on November 12, 1982. On November 15, 1982, the trial court scheduled a hearing on the motion for November 17. In the meantime, on November 16, 1982, Francois filed a petition for habeas corpus in this Court. Because of the filing of the habeas petition here, the trial court determined it had been divested of jurisdiction to consider the motion for post-conviction relief. Francois then sought mandamus here to require the trial court to consider his motion. We granted his petition for writ of mandamus and the trial court then considered his motion, and, finding it to be without merit, denied it.

APPEAL
On appeal of the denial of his motion to vacate judgment and sentence, Francois contends that he was not provided with effective assistance of counsel at his trial. He argues that his counsel was ineffective by: (1) failure to diligently pursue the motion to dismiss the indictment on the ground of discriminatory selection of grand jurors; (2) failure to adequately investigate appellant's character and background and to present nonstatutory mitigating evidence at the sentencing phase, particularly with regard to appellant's mental state; and (3) failure to object to an instruction given to the jury concerning the process of weighing the aggravating and mitigating circumstances and to request an alternative instruction.
In Knight v. State, 394 So.2d 997 (Fla. 1981), this Court adopted a four-step analysis for determining whether an appellant has been provided with reasonably effective assistance of counsel. The test was adopted from United States v. DeCoster, 624 F.2d 196 (D.C. Cir.1976) (en banc) and "provides a means to discover a true miscarriage of justice and yet does not place the judiciary in the role of interfering with defense counsel's legal and tactical conduct at trial or on appeal." Knight v. State, 394 So.2d at 1000-01. The four-step test requires (1) that the claimant identify a specific act or omission upon which the claim of ineffective assistance of counsel is based; (2) that the appellant show that the specific act or omission was a substantial and serious deficiency measurably below the standard expected of competent attorneys; (3) that the appellant show that the deficiency, under the circumstances, was so substantial as to have probably affected the outcome of the proceedings; and (4) that if the above three factors are established, the state still has the opportunity to rebut the claim of ineffective assistance by showing beyond a reasonable doubt that there was in fact no prejudice. Knight v. State, 394 So.2d at 1001.
Prior to trial, defense counsel moved to dismiss the indictment on the ground of discriminatory selection of grand jurors. He asked for discovery and an evidentiary hearing. The trial court denied these motions. On appeal, this Court declined to consider whether discriminatory selection had tainted the indictment, finding that defense counsel had agreed to a ruling without an evidentiary hearing with knowledge of prior court ruling on the same issue. Appellant now identifies this action of trial counsel as an overt act or specific omission entitling him to relief on the ground of ineffective assistance.
The right of the accused to reasonably competent assistance of legal counsel does not entitle him to have every conceivable constitutional challenge pressed upon the court. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). It was within the range of competence expected of attorneys in criminal cases for defense counsel to act as he did under the circumstances of the case. Counsel's decision, under the circumstances, was not a substantial deficiency, measurably below the standard of performance expected of competent counsel.
With regard to the claim of failure to gather and present evidence of mitigating *360 circumstances, Francois presents numerous assertions concerning his background, character, and the circumstances of his upbringing which he says defense counsel should have discovered and presented at the sentencing phase. This is not a case of total failure to present any mitigating evidence of argument whatsoever. Defense counsel did in fact present witnesses who testified concerning appellant's character and background. Appellant does not identify any one of the enumerated items of fact which he relies on now as a specific omission which amounted to a substantial deficiency and which under the circumstances probably affected the outcome of the trial. Therefore, the argument based on failure to adequately present evidence of mitigation is without merit.
Francois also argues that his trial counsel was deficient in failing to object to the jury instruction on the process of weighing aggravating and mitigating circumstances and failing to request an alternative instruction. Appellant argues that the instructions regarding the weighing process were erroneous, that there was no instruction on the standard of proof of mitigating circumstances, and that the failure to object constituted ineffective assistance. Appellant specifically asserts that it was error to instruct the jury that it was to determine whether or not "sufficient mitigating circumstances exist to outweigh any aggravating circumstances found to exist." Record on appeal at 1259. He argues that this instruction was an improper allocation of the burden of proof. An identical instruction was given in Arango v. State, 411 So.2d 172 (Fla.), cert. denied, ___ U.S. ___, 102 S.Ct. 2973, 73 L.Ed.2d 1360 (1982). This Court said that the sentencing instructions had to be looked at as a whole:
A careful reading of the transcript ... reveals that the burden of proof never shifted. The jury was first told that the state must establish the existence of one or more aggravating circumstances before the death penalty could be imposed. Then they were instructed that such a sentence could only be given if the state showed the aggravating circumstances outweighed the mitigating circumstances. These standard jury instructions taken as a whole show that no reversible error was committed.
Id. at 174. The same principle would have applied in the present case if the objection had been raised. The instruction was proper. The failure to object to it and to request a different instruction did not, therefore, constitute a serious and substantial deficiency, measurably below the standard of competent counsel.
With regard to each of the points on appeal, the court below was correct in finding that the motion, files, and records in the case conclusively showed that appellant is entitled to no relief. Therefore it was proper to deny the motion without a hearing. Having found each of the points on appeal to be without merit, we affirm the denial of post-conviction relief.

HABEAS CORPUS
Marvin Francois also petitions this Court for writ of habeas corpus and alleges that he was afforded ineffective assistance of counsel on direct appeal from his convictions for first-degree murder and his sentences of death. We disagree and deny his petition.
In evaluating petitioner's claim, we must look again to the principles announced in Knight v. State, 394 So.2d 997 (Fla. 1981), and its progeny. Francois contends that his appellate counsel failed to raise two meritorious issues for review by this Court and that this failure denied him his rights to a full and meaningful direct appeal. First, he argues that appellate counsel should have raised as an issue the trial court's refusal to give the jury instruction requested by defense counsel relative to the aggravating circumstance that the murder was heinous, atrocious or cruel. The instruction requested stated:
The aggravating circumstances of "especially heinous, atrocious or cruel" means a murder which is accompanied by such additional acts as to set the crime apart from the norm. It is a crime which *361 is unnecessarily torturous to the victim. This aggravating circumstance does not apply where the victim dies instantaneously and painlessly without additional acts.
Supplemental Record at 87. Absent this instruction, he urges, the jury was not provided the requisite guidance needed by it to make a reasoned judgment as to whether the murders were especially heinous, atrocious or cruel. Francois maintains that had appellate counsel raised this point on appeal, he would have had an arguable chance of being granted a new sentencing hearing.
The trial court during the sentencing phase did instruct concerning the elements of this aggravating circumstance. It advised the jury as follows:
Heinous means extremely wicked or shockingly evil. Atrocious means outrageously wicked and vile. Cruel means designed to inflict a high degree of pain, utter indifference to or enjoyment of the suffering of others, pitiless.
Record on Appeal at 1260. Defense counsel did not object so the question of whether this instruction was indeed erroneous could not properly have been raised on appeal. Moreover, Francois has failed to demonstrate that his appellate counsel's omission to raise as an issue on appeal the refusal of the trial court to give the instruction requested by his trial counsel was a deficiency, much less a substantial and serious deficiency measurably below that of competent counsel. Likewise, when considered under the circumstances of this case, he has failed to demonstrate that appellate counsel's omission was substantial enough to demonstrate a likelihood that it would have affected the outcome of his appeal.
On direct appeal, appellate counsel argued that the trial court erred in finding that the capital felonies were especially heinous, atrocious and cruel. Evaluating this claim in light of the total record, we held that this finding could be sustained on the basis of the mental anguish inflicted on the victims as they waited for their "executions" to be carried out.
Francois next argues that appellate counsel was ineffective in not raising as an issue on appeal that the trial court's instruction on mitigating factors was ambiguous and could be interpreted as limiting the jury's consideration of mitigating factors contrary to the dictates of Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). He contends that the instruction rendered his sentencing hearing fundamentally defective.
During the sentencing phase the trial court expressly instructed the jury that:
The aggravating circumstances which you may consider are limited to those upon which I have just instructed you. However, there is no such limitation upon the mitigating factors which you may consider.

Record on Appeal at 1262 (emphasis supplied).
The instructions given the jury regarding mitigating factors were neither ambiguous nor did they limit the jury to consideration of only statutorily enumerated mitigating factors. Had appellate counsel raised this issue on appeal, it would have been a frivolous issue.
Accordingly, finding no merit to Francois' claims, we affirm the trial court's denial of the motion for post-conviction relief and deny the petition for writ of habeas corpus. Francois' petition for stay of execution is also denied. No rehearing will be allowed.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.