433 So.2d 974 (1983)
Paul William SCOTT, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., Respondent.
Paul William SCOTT, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 63736, 63737.
Supreme Court of Florida.
June 3, 1983.
*975 Paul Morris, Miami, for petitioner.
Jim Smith, Atty. Gen., Max Rudmann and Russell S. Bohn, Asst. Attys. Gen., West Palm Beach, for respondent.
PER CURIAM.
We deny Paul William Scott's petition for writ of habeas corpus, application for leave to file a petition for writ of error coram nobis, and motion for stay.
Scott was convicted and sentenced to death for the first-degree, bludgeoning murder of James Alessi. Finding no reversible error, we affirmed Scott's conviction and sentence. Scott v. State, 411 So.2d 866 (Fla. 1982). On May 12, 1983, the Governor signed Scott's death warrant. Scott has not challenged the effectiveness of his trial counsel, but does, by petition for habeas corpus, challenge the effectiveness of appellate counsel.

Habeas Corpus
Scott alleges several grounds as a basis for his claim of ineffective assistance of counsel.[*] We hold that he has failed to meet his burden of demonstrating ineffectiveness of counsel under the test we have announced in Knight v. State, 394 So.2d 997 (Fla. 1981). Scott's right to reasonably competent counsel does not entitle him to have every conceivable challenge pressed upon the court. Francois v. State, 423 So.2d 357 (Fla. 1982). The State, in its response, has adequately refuted each of Scott's grounds relating to his claim of ineffective appellate counsel. We find that none of the arguments now made by Scott would have constituted reversible error had they been raised on direct appeal. In fact, most of these claims would have been frivolous. There has been no showing of a substantial and serious deficiency on the part of Scott's appellate counsel.
In addition to alleging ineffective assistance of appellate counsel as a basis for relief in his petition for writ of habeas corpus, Scott argues that his conviction and sentence are constitutionally infirm on other bases which he alleges are cognizable as fundamental error. We find no merit to any of these contentions, several of which have been addressed in our recent decisions of Hitchcock v. State, 432 So.2d 42 (Fla. 1983); Porter v. State, 429 So.2d 293 (Fla. 1983); Jackson v. Wainwright, 421 So.2d 1385 (Fla. 1982); and Ferguson v. State, 417 So.2d 639 (Fla. 1982). See also Ford v. Strickland, 696 F.2d 804 (11th Cir.1983).

Application for Leave to File Petition for Writ of Error Coram Nobis
In Hallman v. State, 371 So.2d 482 (Fla. 1979), we succinctly stated what must be demonstrated in order to gain the leave of this Court to file coram nobis with the trial court. We stated:
A petition for this writ addressed to the appellate court must disclose fully the *976 alleged facts relied on; mere conclusory statements are insufficient. The appellate court must be afforded a full opportunity to evaluate the alleged facts for itself and to determine whether they establish prima facie grounds. Lamb v. State, supra [91 Fla. 396, 107 So. 535]; Washington v. State, 92 Fla. 740, 110 So. 259 (1926); Urga v. State, 157 Fla. 794, 26 So.2d 786 (1946). Furthermore, the petition should assert the evidence upon which the alleged facts can be proved and the source of such evidence. Russ v. State, 95 So.2d 594 (Fla. 1957). The function of a writ of error coram nobis is to correct errors of fact, not errors of law. Leavitt v. State, 116 Fla. 738, 156 So. 904 (1934). The facts upon which the petition is based must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence. Kinsey v. State, 155 Fla. 159, 19 So.2d 706 (1944).
371 So.2d at 484-85 (emphasis supplied). The petition must also allege facts of such a vital nature that had they been known to the trial court, they conclusively would have prevented entry of judgment.
Scott's request is denied because he has failed to demonstrate that the facts he now relies upon were not known to him at the time of trial or were not discoverable through the use of due diligence. The "new evidence" that Scott wants to present at a new sentencing hearing relates to his version of how the murder was committed. This is not "newly discovered" evidence for purposes of coram nobis relief since the facts he now seeks to establish were not unknown to him at the time of trial. By his own admission, he was an eyewitness to the murder. The testimony that he presented at his clemency hearing, explaining what happened at the victim's home and the extent of his participation in the crime, could just as well have been presented at his trial. It is clear that all of the alleged facts were known to Scott at the time of his trial. In fact, defense counsel, during the sentencing hearing, argued at length to the jury that Scott was not the major perpetrator in the murder of Alessi and that his participation in this capital crime was relatively minor.
Furthermore, we cannot say that this evidence, even if it had been presented at trial, would have conclusively precluded the sentence of death as Scott contends. We hold that Scott has failed to demonstrate facts legally sufficient to warrant the granting of his application.
Accordingly, finding no merit to Scott's claims, we deny the petition for writ of habeas corpus, the application for leave to file a petition for writ of error coram nobis, and the motion for stay of execution. No motion for rehearing will be allowed.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] Scott alleges that appellate counsel was ineffective because appellate counsel should have argued that the trial court erred by precluding defense counsel from making an opening statement regarding the victim's drug use and homosexual activities, should have raised the State's surprise identification of Richard Kondian during trial, should have argued that the court erred in disallowing cross-examination of the State witness who identified Kondian, should have challenged a statement in the State's brief on appeal regarding a statement by Scott as to his robbery and murder plans, should have argued that the trial judge erroneously found nonstatutory aggravating circumstances, should have asserted that the trial court erred in allowing the State to cross-examine clinical psychologist Brad Fisher after Scott had waived reliance on the mitigating factor of no significant prior criminal activity, should have raised as error the trial court's denial of a motion for mistrial because a witness had referred to him as an inmate of the Palm Beach County Jail and because of outbursts of the victim's mother, and should have raised as error the overruling of counsel's objection to the prosecutor's remarks regarding Soutullo's co-operation with the police.