470 So.2d 687 (1985)
Marvin FRANCOIS, Appellant,
v.
STATE of Florida, Appellee.
No. 67075.
Supreme Court of Florida.
May 24, 1985.
*688 Alton G. Pitts of Pitts, Eubanks, Hannah, Hilyard and Marsee, and Michael H. Bowling, Orlando, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Marvin Francois filed, in the circuit court in which he was convicted, a motion to vacate his convictions and sentences of death. Accompanying the motion was a request for a stay of execution pending hearing on the motion. The circuit court denied all relief. Francois appeals. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm the denial of post-conviction relief and denial of a stay of execution.
Appellant's convictions on six counts of first-degree murder and other crimes and the sentences of death imposed for the capital offenses were affirmed by this Court on appeal. Francois v. State, 407 So.2d 885 (Fla. 1981), cert. denied, 458 U.S. 1122, 102 S.Ct. 3511, 73 L.Ed.2d 1384 (1982). Later Francois sought to challenge his convictions and sentences collaterally by motion under Florida Rule of Criminal Procedure 3.850 and by petition for habeas corpus. This Court affirmed the trial court's denial of the rule 3.850 motion and denied the petition for habeas corpus. Francois v. State, 423 So.2d 357 (Fla. 1982). Appellant also challenged the legality of his convictions and sentences in the federal courts. The United States Court of Appeals affirmed the federal district court's denial of relief. Francois v. Wainwright, 741 F.2d 1275 (11th Cir.1984).
More recently, this Court denied a second petition for writ of habeas corpus filed here on behalf of appellant Francois. Francois v. Wainwright, 470 So.2d 685 (Fla. 1985).
Appellant's present motion argues that at his original trial, the court did not adequately instruct the jury on the element of intent to kill and that therefore the jury's verdict of guilt does not represent a sufficient finding of intent to kill to *689 support a capital sentence. Appellant argues also that there was insufficient evidence of intent to kill to justify death sentences. The sufficiency of jury instructions is ordinarily a matter of which review may be had only by specific objection or request at trial followed by argument on appeal. The same principle applies to the evidentiary sufficiency argument. In the absence of fundamental error, such matters are not cognizable by collateral attack. Demps v. State, 416 So.2d 808 (Fla. 1982); Christopher v. State, 416 So.2d 450 (Fla. 1982). Moreover, at appellant's trial the jury was adequately instructed on the criminal intent requirements under all the theories of guilt supported by the evidence and there was ample evidence that appellant was the direct perpetrator of six premeditated murders.
Appellant argues that he was deprived of a fully individualized sentencing process because both his lawyer and the sentencing judge, he says, restricted themselves to consideration of statutory mitigating circumstances only. Appellant asserts that this was due to an excusable misunderstanding of Florida law on the matter at the time. This argument is a variant of claims that have been presented and rejected in previous collateral proceedings brought on behalf of Francois. Successive presentation of the same claim for relief in collateral proceedings is improper and such claims may be summarily denied. Francois v. Wainwright, 470 So.2d 685 (Fla. 1985). In appellant's previous rule 3.850 appeal based on ineffectiveness of trial counsel for insufficient presentation of mitigating evidence, this Court found: "Defense counsel did in fact present witnesses who testified concerning appellant's character and background." 423 So.2d at 360. In appellant's previous habeas corpus petition alleging ineffective appellate counsel for lack of argument that the instructions to the jury on mitigation were erroneous, this Court concluded that because the instructions were proper and adequate the issue would have been found frivolous on appeal. It was noted that the judge instructed the jury that there was no restriction on consideration of mitigating circumstances. 423 So.2d at 361. These resolutions of the prior arguments bar consideration of the present claim that counsel and court improperly limited themselves on the matter of mitigation. Moreover, they show that there was no misunderstanding of law or restriction of consideration of mitigating circumstances on the part of trial counsel or the trial judge.
Appellant also argues that there were improper inflammatory arguments made by the state's counsel to the jury at the trial. This, of course, is a matter of ordinary trial error not cognizable by means of collateral attack. Moreover, the comments in question were within the bounds of permissibility under the circumstances of the case.
In this appeal, Francois argues that the trial court was wrong in finding the foregoing claims legally baseless without an evidentiary hearing and without making specific findings. We find no merit in this argument.
The judgment of the trial court denying the motion for post-conviction relief and denying a stay of execution is affirmed.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.