479 So.2d 736 (1985)
David Walter TROEDEL, Appellant,
v.
STATE of Florida, Appellee.
No. 67959.
Supreme Court of Florida.
November 29, 1985.
*737 Larry Helm Spalding, Capital Collateral Representative and Steven H. Malone, Sr. Asst. Representative, Office of the Capital Collateral Representative, University of South Florida-Bayboro, St. Petersburg, for appellant.
Jim Smith, Atty. Gen. and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
BOYD, Chief Justice.
This is an appeal from the denial of the death-sentenced prisoner's motion to vacate, set aside or correct judgment and sentence filed under criminal procedure rule 3.850.[*] In connection with this proceeding appellant seeks a stay of the scheduled execution of sentence of death.
It is argued on behalf of the appellant that the execution should be stayed because of the inability of his current legal counsel to adequately investigate and prepare to present legal arguments challenging the convictions and sentences of death. It is suggested that the enactment of chapter 85-332, Laws of Florida, creating the office of Capital Collateral Representative, conferred upon appellant a right to collateral representation that will be denied without a stay of execution to allow more time to prepare for the filing of collateral challenges to the judgments and sentences. While chapter 85-332 represents a state policy of providing legal assistance for collateral representation on behalf of indigent persons under sentence of death, it did not add anything to the substantive state-law or constitutional rights of such persons. See Graham v. State, 372 So.2d 1363 (Fla. 1979). Moreover, the pleadings and papers we have before us belie the contention that appellant is not receiving the effective assistance of counsel in his effort to explore all avenues of collateral attack on his previously affirmed judgments and sentences.
The court below denied appellant's motion summarily, without an evidentiary hearing. Appellant contends that this was error and that a stay and an evidentiary hearing are required.
Several of appellant's contentions relate to factual matters that were resolved against appellant's position at trial as expressed in the jury's verdicts of guilt of two counts of first-degree murder. The question of the sufficiency of the evidence to prove guilt is a matter that was finally resolved by this Court's affirmance of the judgments of conviction and will not be revisited in this proceeding.
Other arguments appellant makes are contentions of procedural error that could have been and should have been raised by means of objection or motion at trial and argument on appeal. Not having been argued on appeal, or not having been preserved for appeal by motion or objection at trial, they are foreclosed from consideration and are not cognizable by motion under rule 3.850. E.g., Francois v. State, 470 So.2d 687 (Fla. 1985); Sireci v. State, 469 So.2d 119 (Fla. 1985); Mikenas v. State, 460 So.2d 359 (Fla. 1984); Smith v. State, 457 So.2d 1380 (Fla. 1984).
Appellant contends that he was denied the effective assistance of counsel at his trial. Evaluating the arguments in light of the standards set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we find that appellant has failed to establish any substantial and prejudicial deficiency of performance.
We find appellant's remaining arguments to be completely without merit. Because the record of the case conclusively *738 shows that appellant is entitled to no relief, the trial court was correct in summarily denying the motion. See Porter v. State, 478 So.2d 33 (Fla. 1985).
The order of the trial court denying the motion for post-conviction relief is affirmed. The motion for stay of execution is denied.
It is so ordered.
ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] Appellant was convicted of two counts of first-degree murder and was sentenced to death on each count. On appeal, this Court affirmed the convictions and sentences. Troedel v. State, 462 So.2d 392 (Fla. 1984).