832 So.2d 247 (2002)
William J. CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-872.
District Court of Appeal of Florida, Fifth District.
December 6, 2002.
William J. Carter, Crawfordville, pro se.
No Appearance for Appellee.
THOMPSON, C.J.
William J. Carter appeals the denial of his Rule 3.800(a) motion to correct an illegal sentence. Carter asserts that he is entitled to relief under Heggs v. State, 759 So.2d 620 (Fla.2000). We affirm because Carter's motion is successive, and Heggs does not entitle Carter to relief.
Carter raised this Heggs issue in two prior rule 3.800(a) motions filed with the trial court. His first motion was filed on 25 May 2000, and amended on 21 August 2002. On 5 February 2001, the trial court denied the motion on the merits, ruling Carter was not adversely affected by the 1995 amendments to the guidelines. See Heggs, 759 So.2d at 627("[O]nly those persons adversely affected by the amendments made by chapter 95-184 may rely on our decision here to obtain relief. Stated another way, in the sentencing guidelines context, we determine that if a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here.") Carter's second motion was filed 25 March 2001 and denied on 26 July 2001. The trial court wrote: "The issues presented in Defendant's motion were previously addressed *248 by the Court in response to Defendant's Motion to Correct Scoresheet and Illegal Sentence, filed May 25, 2000. Carter's claim is successive and merits no consideration by this Court. The Florida Supreme Court has held that `successive presentation of the same claim for relief in collateral proceedings is improper and such claims may be summarily denied.' Francois v. State, 470 So.2d 687, 689 (Fla. 1985).'"
On 4 February 2002, Carter filed this Rule 3.800(a) motion and the trial court denied it on 28 February 2002, as successive. Even if Carter's motion is considered on the merits, Carter is not entitled to relief under Heggs. Carter concedes that his recalculated sentencing range would be 72.6 to 121 months incarceration. Therefore, his sentence of 100.6 months would fall within the legally permitted range under the 1994 guidelines, and as the trial court found previously, Carter was not affected adversely by the 1995 amendments to the guidelines.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.